IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN DESMON THOMPSON, <br> (BOP Registration No. 48306-177), <br> Movant, <br> v. <br> UNITED STATES OF AMERICA, <br> Respondent. | No. 3:16-CV-1860-K <br> (3:14-CR-267-K-(1)) |

## MEMORANDUM OPINION AND ORDER

Movant Steven Desmon Thompson, a federal prisoner, proceeding *pro se*, has filed two 28 U.S.C. § 2255 motion forms, neither of which assert any claims for postconviction relief. *See* Dkt. Nos. 2 & 4. Because he has not alleged any claims for relief, and has twice failed to comply with this Court's orders to do so, the Court **DISMISSES** this action without prejudice.

### Background

Thompson filed a form motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255. *See* Dkt. No. 2. But his motion did not state any grounds for relief, or any facts supporting those grounds, as required by Rule 2(b)(1), (2) of the Rules Governing Section 2255 cases. *See* Dkt. No. 2 at 7-8. The Court thus ordered Thompson to file an amended Section 2255 motion that included his grounds for relief and any facts in support of those grounds. *See* Dkt. No. 3.

1

Although Thompson filed an amended Section 2255 motion, he again failed to include any grounds for relief or supporting facts. *See* Dkt. No. 4 at 7-8. On April 13, 2017, the Court again ordered Thompson to file an amended Section 2255 motion, including his grounds for relief and the facts in support of each ground. *See* Dkt. No. 6. The Court ordered Thompson to file his amended motion within thirty days and explicitly admonished him that if he failed to do so, this action would be dismissed. *See id.* at 1 ("If Movant does not state any grounds for relief, the motion to vacate will be dismissed for failure to allege any grounds for relief" and for failure to comply with the Court's order). Although Thompson's amended Section 2255 motion was due in May 2017, he has not filed it or otherwise contacted the Court.

**Legal Standards and Analysis**

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). Under the same rule, a district court also "may *sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R.*

2

*Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, . . . a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings.'") (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

Like all rules in the Federal Rules of Civil Procedure, Rule 41(b) generally applies to Section 2255 proceedings. *See* Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts; *see, e.g., Brown v. United States*, Nos. A-11-CA-155 LY, (A-04-CR-268 LY), 2011 WL 1899790 (W.D. Tex. May 19, 2011) (dismissing motion the court recharacterized as one under Section 2255 after issuance

of *Castro* warnings without prejudice under Rule 41(b), after noting that "[i]t is . . . well established that '[a] district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order'" (quoting *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998))).

Here, Thompson has twice failed to comply with the Court's order. And, because he has not filed a Section 2255 motion that includes any grounds for relief, he has made it impossible for this case to proceed. He has thus failed to prosecute his case and to obey this Court's orders. A Rule 41(b) dismissal of this case without prejudice is warranted under these circumstances, and the Court concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Thompson decides comply with the Court's orders.

**Conclusion**

For the foregoing reasons, it is ORDERED that this action is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rules of Civil Procedure 41(b), for want of prosecution.

**SO ORDERED.**

Signed November 16th, 2017.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE